| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| SOUTHERN DISTRICT OF NEW YORK | |
| Case number (if known) | Chapter  11 |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | Buyk Corp. | |
|---|---|---|---|
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 86-3231477 | |
| 4. | Debtor's address | **Principal place of business**<br><br>360 West 31st Street<br>Floor 6<br>New York, NY 10001<br>Number, Street, City, State & ZIP Code<br><br>New York<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | buyk.com | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: | |

Debtor __Buyk Corp._____     Case number (*if known*)_____
         Name

**7. Describe debtor's business**     A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____    When _____    Case number _____
District _____    When _____    Case number _____

---

Official Form 201            **Voluntary Petition for Non-Individuals Filing for Bankruptcy**            page 2

Debtor **Buyk Corp.**      Case number (*if known*) _____
     Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____ Relationship _____
District _____ When _____ Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No
■ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

■ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

■ No
☐ Yes. Insurance agency _____
      Contact name _____
      Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
■ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
■ $1,000,001 - $10 million
☐ $500,000,001 - $1 billion

Official Form 201      **Voluntary Petition for Non-Individuals Filing for Bankruptcy**      page 3

Debtor   **Buyk Corp.**                                                                    Case number (*if known*)
         Name

☐ $50,001 - $100,000            ☐ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000           ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million         ☐ $100,000,001 - $500 million     ☐ More than $50 billion

| Debtor | Buyk Corp. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __March 17, 2022__
MM / DD / YYYY

X _/s/ James Walker_
Signature of authorized representative of debtor

Title **CEO**

**James Walker**
Printed name

**18. Signature of attorney**

X _/s/ Mark Lichtenstein_    Date **March 17, 2022**
Signature of attorney for debtor    MM / DD / YYYY

**Mark S. Lichtenstein**
Printed name

**Akerman LLP**
Firm name

**1251 Avenue of the Americas
37th Floor
New York, NY 10020**
Number, Street, City, State & ZIP Code

Contact phone **212-259-8707**    Email address **mark.lichtenstein@akerman.com**

**NY**    2527455
Bar number and State

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 5

# BUYK CORP.
# BOARD RESOLUTION
# SPECIAL MEETING OF BOARD OF DIRECTORS

The undersigned, being the Secretary of Buyk Corp., a Nevada corporation (the "Corporation"), does hereby certify that at a video meeting of the Board of Directors of said corporation duly called and held on March 14, 2022 at 10:00AM EST, a quorum was present. The following members were represented at the board meeting and waived formal notice for the special emergency meeting:

Viacheslav Bocharov - Present
Rodion Shishkov - Present
Vagan Khranyan - Present
Victor Orlovsky – Present, represented by Fedor Samoilov
Kirill Shishkov - Absent

WHEREAS, The Board of Directors of (the Corporation, pursuant to the Nevada General Corporation Law (the "NGCL"), held a special meeting of directors on March 7 - 8, 2022;

WHEREAS, the directors of the Corporation, holding in the aggregate well in excess of a majority of the outstanding shares of the Corporation, have, in consultation with the key managers of the Corporation and retained legal advisors, evaluated the alternatives in connection with a possible restructuring in view of the inability of the investors to further fund the ongoing business of the Corporation, and have determined that the filing of a voluntary petition (the "Petition") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") is in the best interests of the Corporation and

[WHEREAS, Fedor Samoilov and Vagan Khranyan have elected to abstain from voting on this resolution citing both a conflict of interest and lack of adequate information to make an informed decision].

WHEREAS, in connection with the special meeting, the Board of Directors adopted the following resolution in their business judgment, which has not been modified or rescinded:

RESOLVED, that the Corporation, subject to satisfaction of the Bankruptcy Pre-Conditions below, shall be, and hereby is, authorized to file a Petition for relief under the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing, including, without limitation;

FURTHER RESOLVED, that the Corporation may only have the authority to file a Petition for relief under the Bankruptcy Code, if and only if, the Corporation is able to:

1. Secure the Debtor in Possession Loan ("DIP Loan") generally consistent with the attached Summary of Key Terms and Conditions through Legalist DIP GP, LLC;

2. Receive the Prepetition Draw;

Use the Prepetition Draw to pay employment related liabilities of the Corporation to employees and agency hired couriers before other liabilities. ("Bankruptcy Pre-Conditions");

FURTHER RESOLVED, that James Walker and Alexandre Agaian ( or either of them) (Collectively "Authorized Employees") shall be, and hereby are, authorized, directed and empowered on behalf of, and in the name of, the Corporation to: (a) execute and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as either of the foregoing in their discretion, deem necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by either of the foregoing); (b) execute, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and ( c) execute and verify any and all other documents necessary or appropriate in connection therewith or to administer the Corporation's chapter 11 case in such form or forms as any such Manager may approve;

FURTHER RESOLVED, that the Authorized Employees shall be, and are, authorized, directed and empowered to retain, on behalf of the Corporation, Akerman LLP, as bankruptcy counsel and such additional professionals as in such individuals' judgment may be necessary in connection with the Corporation's chapter 11 case and other related matters, on such terms as such individuals shall approve;

FURTHER RESOLVED, that each Authorized Employees be, and they hereby are, authorized and directed to employ any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Employees, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary.

FURTHER RESOLVED, that each Authorized Employees be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Employees deem necessary, proper or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such case.

FURTHER RESOLVED, that, in connection with the commencement of the Chapter 11 Cases, each of the Authorized Employee, is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Corporation, necessary to implement a DIP Loan, as well as any additional or further agreements for the use of funds in connection with the Corporation's Chapter 11 Case, which agreement(s) may require the Corporation to grant liens to the Corporation's lenders and such other agreement,

instrument, or document to be executed and delivered in connection therewith, all with such changes therein and additions thereto as any Authorized Employees approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

FURTHER RESOLVED, that the law firms of Akerman LLP and any additional professionals selected by the Authorized Employees shall be, and hereby are, authorized, empowered and directed to represent the Corporation, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code;

FURTHER RESOLVED, that all members of the Board of Directors of the Corporation have received sufficient notice of the actions and transactions relating to the matters by the foregoing resolutions, as may be required by the organizational documents of the Corporation or hereby waive any right to have received such notice: and

FURTHER RESOLVED, that all lawful acts or actions to be taken by any officer or employee of the Corporation in connection with the implementation of these resolutions in all respects are hereby approved.

_____
Alexandre Agaian, Secretary

62593648;2

Annex A _ Summary of Key Terms and Conditions through Legalist DIP GP, LLC

March 4, 2022

## Summary of Key Terms of and Conditions for
## TERM LOAN FACILITY

Buyk Corp.
c/o: Mark Lichtenstein, Esq.
Akerman LLP
mark.lichtenstein@akerman.com

**CC: Heather Davey**

The following summarizes the key terms (the "**Term Sheet**") on which certain investment fund(s) for which Legalist DIP GP, LLC serves as general partner (the "**Lender**") are willing to extend pre- and postpetition financing (the "**Loans**") to Buyk Corp. (the "**Debtor**") in connection with the chapter 11 case it intends to file in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), in an aggregate amount of $6,500,000 (the "**Commitment**").

Prior to satisfaction of the Conditions Precedent to funding, this Term Sheet shall be *confidential, non-binding, for discussion purposes only, and not a commitment to lend*.

| **Overview** | The Loans shall be made available to the Debtor in the aggregate amount of the Commitment for the following uses:<br>1. Payment of the salaries and/or compensation of all of the employees and couriers (who are independent contractors), it being understood that the first $5 million draw shall be used exclusively for this purpose.<br>2. Legal fees of Akerman LLP;<br>3. Operating/wind-down expenses of the Debtor, including post-petition salaries of certain key employees, accountant and/or financial advisor, auctioneers, etc., as per DIP Budget; and<br>4. Other agreed-on uses. |
|---|---|
| **Conditions Precedent to Draws** | The Lender will make available Loans in multiple draws, provided no event of default shall (x) have occurred and be continuing or (y) be reasonably likely to result therefrom, upon (such date, the "**Effective Date**"):<br>*Prepetition Draw (Up to $5.0 Million)*<br>1. The Lender's completion, to its own satisfaction, of any remaining due diligence;<br>2. The Debtor's delivery of a fully executed secured promissory note in Approved Form;[1] and<br>3. Execution of such related security documents as Lender may request,<br>4. Payment of the proceeds of such pre-petition draw in accordance with section 1 of "Overview" above.<br>*Postpetition Draw (Balance of Commitment)*<br>1. Commencement of the Debtor's chapter 11 case, no later than March 15, 2022;<br>2. The Debtor's delivery of a fully executed post-petition credit agreement in Approved Form; and<br>3. The Bankruptcy Court's entry of a final financing order approving the Loans (including the roll-up of all prepetition advances by Lender) and otherwise in Approved Form (the "**DIP Order**"), which remains in full force and effect. |
| **Interest; Default Interest; Undrawn Line Fee** | The outstanding principal amount of the Loans (together with all other due and payable Obligations (defined below)) shall accrue paid-in-kind interest from the Effective Date at the U.S. prime rate (subject to a 4.00% floor) plus 11.75% per year. While an event of default has occurred and is continuing, such amounts shall accrue an additional 4.75% in interest per year. If the Loans are not borrowed in full in a single draw, any undrawn portion of the Commitment shall accrue an "**Undrawn** |

---

[1] "**Approved Form**" means in form and substance acceptable to (as evidenced by the prior written consent of) the Lender.

62471286;4

| | |
|---|---|
| | **Line Fee**" from the Effective Date at 4.75% per year. All such interest and fees shall accrue and be compounded and capitalized monthly and be due and payable in cash upon the Maturity Date. |
| **Other Costs of Borrowing** | A onetime "**Commitment Fee**" of 2.75% of the Commitment and "**Underwriting Fee**" of 1.75% of the Commitment shall be fully and irrevocably earned upon the Effective Date. In addition, a "**Monitoring Fee**" of 1.75% of the Commitment per year shall accrue and be compounded and capitalized monthly. All such fees shall be due and payable in cash upon the Maturity Date. |
| **Prepayments** | The Loans shall be mandatorily repaid from, and within 10 days of the Debtor's receipt of, proceeds from any sale or other disposition of the Collateral (defined below); <u>provided</u> that any such disposition shall occur in Approved Form. Any repayment required to be made within four months of the Effective Date shall be accompanied by a "**Makewhole Fee**" of 4.75% of the amount required to be repaid. The Loans may be voluntarily repaid prior to the Maturity Date beginning four months after the Effective Date; <u>provided</u> that voluntary repayments made within four months of the Effective Date shall be subject to a Makewhole Fee. |
| **Maturity Date** | The Loans shall mature, and all unpaid Obligations shall be due and payable, upon the earliest (the "**Maturity Date**") of (i) six months after the Effective Date, (ii) the Debtor's exit from bankruptcy, and (iii) acceleration of the Loans following an event of default. |
| **Prepetition Liens; Superpriority Claims; DIP Liens; Collateral** | Prepetition, the Obligations shall be secured by first-priority liens on all Collateral. Postpetition, subject to a customary carveout for estate professional fees and other administrative expenses to be addressed in the DIP Budget all Obligations (expressly including all prepetition advances by Lender) shall constitute Lender Claims,[2] payable from the Collateral and all other property of the Debtor and/or its estate. The DIP Order shall grant the Lender automatically perfected security interests (collectively, the "**DIP Liens**"), senior to all pre- and postpetition liens, on all present or future estate property (collectively, the "**Collateral**"). |
| **Break-Up Fee** | In the event that, after execution hereof, the transaction described herein should not be timely effected due to the fault of the Debtor, the Lender shall immediately (and without any further action or notice) be entitled to a fee of 4.75% of the Commitment (the "**Break-Up Fee**"), which amount shall be (1) prepetition, secured by a first-priority lien on all Collateral and (2) post-petition, be entitled to priority as set forth below.[3] |
| **Lender Expenses; Other Obligations** | The Debtor shall pay, no later than the Maturity Date, all reasonable costs and expenses of the Lender incurred in connection with the Loans (collectively, the "**Lender Expenses**"). The Lender Expenses, together with all principal of, and interest and fees on, the Loans, together with any other amount owed by the Debtor in connection therewith shall constitute "**Obligations**" secured by the prepetition liens and/or DIP Liens. |
| **Miscellaneous Provisions** | Customary and as reasonably required by the Lender, including (as applicable): <br>• Debtor's representations, warranties, and covenants (including budget and reporting); <br>• Stay waiver (notwithstanding Bankruptcy Rule 6004); <br>• Indemnity of Lender and its affiliates; |

---

[2] "**Lender Claims**" means "superpriority" administrative-expense claims with priority over (i) all other administrative-expense claims, expenses, and costs permitted by, described in, or entitled to priority under the Bankruptcy Code and (ii) all other unsecured claims against the Debtor.

[3] The Debtor acknowledges that the Break-Up Fee is intended to be an actual, necessary cost and/or expense of preserving its estate and, thus, entitled to priority under Bankruptcy Code section 503(b). The Break-Up Fee, together with all costs of collection, shall be due and payable (if applicable) from and after execution of this Term Sheet by the Debtor, irrespective of the occurrence of the Effective Date so long as the Effective Date does not occur because of the actions of the Debtor and not due to the fault of the Lender.

2

62471286;4

|  | <ul><li>Section 364(e) "good faith" findings in favor of the Lender;</li><li>Postpetition carveout (2.50% of the Loans post-default);</li><li>Events of default and Lender's rights and remedies; and</li><li>Governing Law (Bankruptcy Code / New York State).</li></ul> |
|---|---|

3

**This Term Sheet shall expire and be without further effect if not signed by both parties by March 7, 2022.**

Accepted and agreed to, as of the first date written above:

| DEBTOR: | LENDER: |
|---|---|
| BUYK CORP. | LEGALIST DIP GP, LLC, as General Partner |
| By: *James Walker* (DocuSigned) | By: *[signature]* |
| Name: James Walker | Name: Christian G.B. Haigh |
| Title: CEO | Title: Managing Member |

# United States Bankruptcy Court
## Southern District of New York

In re  **Buyk Corp.**                                                      Case No.

                               Debtor(s)                                   Chapter  **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Buyk Corp.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Rodion Shishkov**
**Groveside Herons Ghyll**
**East Sussex TN22 4BY**
**United Kingdom**

**Viacheslav Bocharov**
**9/2 Pokrovka str**
**Apt. 1 Moscow**
**Russia 105062**

☐ None [*Check if applicable*]


**March 17, 2022**                                    /s/ Mark S. Lichtenstein
Date                                                  **Mark S. Lichtenstein**
                                                      Signature of Attorney or Litigant
                                                      Counsel for   **Buyk Corp.**
                                                      **Akerman LLP**
                                                      **1251 Avenue of the Americas**
                                                      **37th Floor**
                                                      **New York, NY 10020**
                                                      **212-259-8707 Fax:212-880-8965**
                                                      **mark.lichtenstein@akerman.com**

# United States Bankruptcy Court
## Southern District of New York

In re   **Buyk Corp.**                                                Case No. _____

                              Debtor(s)                               Chapter   **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Rodion Shishkov<br>Groveside Herons Ghyll<br>East Sussex TN22 4BY<br>United Kingdom | | 4,189,347 | |
| Viacheslav Bocharov<br>9/2 Pokrovka str<br>Apt. 1 Moscow<br>Russia 105062 | | 4,189,347 | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **CEO** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **03.17.2022**                        Signature  _/s/ James Walker_
                                                        James Walker

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | **Buyk Corp.** | |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF NEW YORK** | ☐ Check if this is an amended filing |
| Case number (if known): | | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                                                                                            12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Amount of claim — Deduction for value of collateral or setoff | Amount of claim — Unsecured claim |
|---|---|---|---|---|---|---|
| **Brex, Inc.**<br>**12832 Frontrunner Blvd.**<br>**Suite 500**<br>**Draper, UT 84020** | | **Credit Card** | | | | **$313,000.00** |
| **Citrus**<br>**Level 1 Palm Grove House**<br>**Cay, Road Town, Tortola**<br>**British Virgin Island** | | **Convertible Promissory Note** | | | | **$10,000,000.00** |
| **Fisher Electrical Contracting**<br>**620 East 102nd St.**<br>**Brooklyn, NY 11236** | | **Trade debt** | | | | **$324,683.00** |
| **FRV**<br>**Winward 3**<br>**P.O. Box 1350**<br>**Grand Cayman**<br>**KY1-1081** | | **Convertible Promissory Note** | | | | **$9,000,000.00** |
| **Grayskies Ltd.**<br>**P.O. Box 3321**<br>**Tortola**<br>**British Virgin Island** | | **Convertible Promissory Note** | | | | **$15,000,000.00** |
| **Levan Nazarov**<br>**plot 21 settlement of Uspenskoye recreation centre**<br>**Odintsovo Moscow** | | **Convertible Promissory Note** | | | | **$500,000.00** |
| **LVL1 Investments Ltd**<br>**c/o Koumandaris & Spyrou**<br>**Fayza Court, Suite 205**<br>**3036 Limassol**<br>**Cyprus** | | **Convertible Promissory Note** | | | | **$1,000,000.00** |

Debtor **Buyk Corp.**  
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Malamet SDN. BHD. 16a Jalan Tun Mohd Fuad Taman 60000 Kuala Lumpur W.P. Kuala Lumpur Malaysia** | | **Convertible Promissory Note** | | | | $1,000,000.00 |
| **Martin Avetisyan A-625, 673-AL Barsha South Third Dubai UAE** | | **Convertible Promissory Note** | | | | $500,000.00 |
| **MVOF L.P. 3rd FL Genesis Bldg Genesis Close George Town Grand Cayman KY1-1106** | | **Convertible Promissory Note** | | | | $14,500,000.00 |
| **Oleg Gordienko 115184, Moscow, Pyatnitskaya., h53/18 bldg. 1, app. 41** | | **Convertible Promissory Note** | | | | $190,000.00 |
| **Pinkback LLC 16192 Coastal Highway Lewes Lewes, DE 19958** | | **Convertible Promissory Note** | | | | $6,000,000.00 |
| **Pro-Motion Limited Unit E. 26/F CNT Tower 338 Hennessy Road Wanchai, Hong Kong** | | **Trade debt** | | | | $1,000,000.00 |
| **Roger & Sons Inc 268 Bowery St. New York, NY 10012** | | **Trade debt** | | | | $374,756.00 |
| **Rusian Balbekov 413100, Saratov region Engles, Chapaeva str 43** | | **Convertible Promissory Note** | | | | $200,000.00 |
| **S16, LP 2310 Bowdoin St. ATTN: Leo Batalov Palo Alto, CA 94306** | | **Convertible Promissory Note** | | | | $410,000.00 |
| **SBT Venture Fund II, L.P. P.O. Box 1350 Gramd Cayman KY1-1108 Cayman Islands** | | **Convertible Promissory Note** | | | | $5,000,000.00 |

Debtor **Buyk Corp.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Sienia Construction, Inc.**<br>**3805 Broadway**<br>**Suite 200**<br>**Astoria, NY 11103** | | **Trade debt** | | | | **$1,771,387.00** |
| **Smart Retail, LLC**<br>**Sedova St. 11 litter A**<br>**6th FL Premises 627 192019 St. Petersburg** | | **Loan** | | | | **$11,000,000.00** |
| **Temur Turdibekov**<br>**119602, Moscow Olimpic village Michurinsky prospekt**<br>**h. 8, app. 100** | | **Convertible Promissory Note** | | | | **$200,000.00** |

**Fill in this information to identify the case:**

Debtor name  **Buyk Corp.**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF NEW YORK

Case number (if known)  _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule*
■  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐  Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **March 17, 2022**    X /s/ James Walker
Signature of individual signing on behalf of debtor

**James Walker**
Printed name

**CEO**
Position or relationship to debtor