**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| BUYK CORP.[1] ) | Case No. 22-10328 (MEW) |
| ) | |
| Debtor. ) | |
| ) | |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, DEBTOR TO (A) MAINTAIN EXISTING INSURANCE PROGRAMS AND EXISTING INSURANCE PREMIUM FINANCING AGREEMENT, AND (B) FUND ALL OBLIGATIONS IN RESPECT THEREOF, AND (II) GRANTING RELATED RELIEF**

Upon the Motion (the "Motion")[2] [**ECF No. 10**] of Buyk Corp., as debtor in possession in the above-captioned Chapter 11 Case (the "Debtor"), for entry of an interim order (the "Interim Order"), pursuant to sections 105(a), 363(b), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtor to (a) maintain the Insurance Programs[3] and Premium Financing Agreement on an uninterrupted basis in accordance with its historical practices and (b) fund all Insurance Obligations, whether relating to the prepetition or post-petition period, and (ii) granting such other and further relief as is requested in the Motion or as the Court otherwise deems necessary or appropriate; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the

---

[1] The Debtor in this case, along with the last four digits of its federal tax identification number is Buyk Corp. (1477). The principal place of business for the Debtor is 360 West 31st Street, Floor 6, New York, NY 10001.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion or the First Day Declaration, as applicable.

[3] Insurance Programs as used in the Motion and this Order is intended to include all of the Debtor's insurance policies, programs and agreements related thereto whether listed on Exhibit B to the Motion or not and whether expired or current. While the Debtor believes Exhibit B is all inclusive, given the multitude of policies, it is possible that one or more policies were inadvertently omitted from Exhibit B.

62650661;2

Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties-in-interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having heard the statements in support of the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted, on an interim basis, as set forth herein.

2. The Debtor is authorized, but not directed, in its sole discretion, to maintain, continue, and renew the Insurance Programs and maintain the Premium Financing Agreement on an uninterrupted basis and in accordance with the same practices and procedures as were in effect prior to the Petition Date.

3. The Debtor is authorized, but not directed, in its sole discretion, to fund the Insurance Obligations: (i) monthly installment payment of $28,370.67 pursuant to the Premium Finance Agreement with First Insurance Funding; (ii) $21,091.60 for the premium payment due to Brown & Brown on March 8, 2022; and (iii) the premium payment due to Brown & Brown on or about April 8, 2022.

4. The Debtor is authorized, in its sole discretion, to revise, extend, supplement, or change insurance coverage as needed, including entering into new insurance policies (e.g., through renewal of the Insurance Programs or purchase of new policies).

62650661;2

5. Nothing in this Order or any action taken by the Debtor in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtor's rights with respect to such matters are expressly reserved.

6. Nothing in this Order nor the Debtor's payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtor as to the validity of any claim on any grounds, (b) a waiver or impairment of any Debtor's rights to dispute any claim on any grounds, (c) a promise by the Debtor to pay any claim, or (d) an implication or admission by the Debtor that such claim is payable pursuant to this Order. Nothing herein shall acknowledge, grant, or otherwise permit any right of offset or recoupment by a non-debtor with respect to any claim asserted against the Debtor.

7. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the requirements of Bankruptcy Rules 6004(a) and 6004(h) are hereby waived.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

11. The final hearing (the "Final Hearing") on the Motion shall be held on **April 19, 2022 at 10:00 a.m**. (Prevailing Eastern Time) and any objections or responses to the entry of a final order on the Motion shall be in writing, filed with the Court, and served upon the following

parties: (a) proposed counsel for the Debtors, Akerman LLP, 1251 Avenue of The Americas, 37th Floor, New York, New York 10020 (Attn: Mark S. Lichtenstein, Esq.) and Akerman LLP, 750 Ninth Street, N.W., Suite 750, Washington D.C. 20001 (Attn: John H. Thompson, Esq.); (b) the Office of the United States Trustee, 201 Varick Street, Ste. 1006, New York, New York 10014; and (c) counsel to any official committee of unsecured creditors appointed in this case so as to be actually received on or prior to **4:00 p.m. (Prevailing Eastern Time) on April 12, 2022**. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

Dated: New York, New York
      March 24, 2022

                                    <u>s/Michael E. Wiles</u>
                                    **Honorable Michael E. Wiles**
                                    **United States Bankruptcy Judge**