**PRESENTMENT DATE AND TIME: APRIL 12, 2022 AT 12:00 NOON (ET)**
**OBJECTION DEADLINE DATE AND TIME: APRIL 8, 2022 AT 4:00 P.M. (ET)**

| | |
|---|---|
| Mark S. Lichtenstein<br>AKERMAN LLP<br>1251 Avenue of The Americas, 37th Floor<br>New York, New York 10020<br>Tel. No. (212) 880-3800<br>Fax No. (212) 880-8965 | John H. Thompson<br>AKERMAN LLP<br>750 Ninth Street, N.W., Suite 750<br>Washington D.C. 20001<br>Tel.: (202) 393-6222<br>Fax: (202) 393-5959 |

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BUYK CORP.[1] | ) | Case No. 22-10328 (MEW) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF PRESENTMENT OF ORDER APPROVING DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF AKERMAN LLP AS COUNSEL FOR THE DEBTOR**

**PLEASE TAKE NOTICE** that Buyk Corp., the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, will, pursuant to Local Bankruptcy Rule 9074-1, will present the order on *Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Akerman LLP as Counsel for the Debtor* (the "Akerman Retention") [ECF No. 8] to the Honorable Michael E. Wiles, United States Bankruptcy Court for the Southern District of New York (the "Court), on **April 12, 2022 at 12:00 noon (ET)** for approval and signature.

**PLEASE TAKE FURTHER NOTICE** that copies of the Akerman Retention and all pleadings and other papers filed in these chapter 11 cases may be obtained by (i) accessing the

---

[1] The Debtor in this case, along with the last four digits of its federal tax identification number is Buyk Corp. (1477). The principal place of business for the Debtor is 360 West 31st Street, Floor 6, New York, NY 10001.

62873944v1

Court's website at www.nysb.uscourts.gov, or (ii) contacting the Office of the Clerk of the Court at One Bowling Green, New York, New York 10004. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to entry of the Order approving the Akerman Retention must: (i) be made in writing, (ii) state with particularity the grounds therefor, (iii) be filed in accordance with the electronic filing procedures for the United States Bankruptcy Court for the Southern District of New York, with proof of service, with a courtesy copy delivered to the Chambers of the Honorable Michael E. Wiles, United States Bankruptcy Judge, One Bowling Green New York, New York 10004; and (iv) be served upon (a) counsel for the Debtor, Akerman LLP, 1251 Avenue of The Americas, 37th Floor, New York, New York 10020 (Attn: Mark Lichtenstein, Esq.) and 750 Ninth Street, N.W., Suite 750, Washington D.C. 20001 (Attn: John Thompson, Esq.); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Mark Bruh, Esq.); and (e) all entities requested notice in this Chapter 11 Case under Fed. R. Bankr. P. 2002 so as to be received no later than **4:00 p.m. (ET) on April 8, 2022 (the "Objection Deadline")**.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and received by the Objection Deadline, the Court may enter the Proposed Stipulation and Order without further notice or a hearing. If an objection is filed, you may be notified of a hearing to consider the requested relief. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: New York, New York
April 5, 2022

                              AKERMAN LLP

By:   */s/ Mark S. Lichtenstein*
      Mark S. Lichtenstein
      1251 Avenue of The Americas, 37th Floor
      New York, New York 10020
      Tel. No. (212) 880-3800
      Fax No. (212) 880-8965
      E-Mail: mark.lichtenstein@akerman.com

      -and-

      John H. Thompson
      AKERMAN LLP
      750 Ninth Street, N.W., Suite 750
      Washington D.C. 20001
      Tel.: (202) 393-6222
      Fax: (202) 393-5959
      E-Mail: john.thompson@akerman.com

*Proposed Counsel for Debtor and Debtor-in Possession*

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| BUYK CORP.[1] ) | Case No. 22-10328 (MEW) |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER APPROVING APPLICATION FOR APPROVAL OF THE
EMPLOYMENT AND RETENTION OF AKERMAN LLP
AS ATTORNEYS FOR THE DEBTOR**

Upon the Application (the "Application")[2] of Buyk Corp. (the "Debtor"), as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), and upon the affidavit of Mark S. Lichtenstein (the "Affidavit"), for entry of an order authorizing the Debtor to employ and retain Akerman LLP as counsel for the Debtor [ECF No. 8] (the "Application"), finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application is in the best interests of the Debtor, its estate, and its creditors and relief under Rule 6003 of the Federal Rules of Bankruptcy Procedure and approving employment of Akerman LLP ("Akerman") effective as of the Petition Date is necessary to avoid immediate and irreparable harm; (iv) Akerman is a "disinterested person" as that term is defined under Bankruptcy Code section 101(14) as modified by Bankruptcy Code section 1107(b); (v) proper and adequate notice of the Application has been given and that no other or further notice is necessary; (vi) all objections to the Application have been resolved by this Order or are overruled in their entirety; and (vii) upon the record herein after due

---

[1] The Debtor in this case, along with the last four digits of its federal tax identification number is Buyk Corp. (1477). The principal place of business for the Debtor is 360 West 31st Street, Floor 6, New York, NY 10001.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

1

62903479;3

deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein.

IT IS THEREFORE ORDERED:

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to retain Akerman, as bankruptcy counsel, effective as of the Petition Date, in accordance with and on the terms described in the Application, the engagement letter, the Affidavit, and this Order, and to perform the services described therein.

3. The requirements of section 329 of the Bankruptcy Code have been satisfied.

4. Akerman shall be compensated upon appropriate application and notice in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, including any applicable procedures and orders of this Court.

5. Prior to any increases in Akerman's rates for any individual retained by Akerman and providing services in these cases, Akerman shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Professional's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. The fee structure set forth in the Application is approved.  Akerman's cost structure set forth in the Application is approved, except Akerman shall charge no more than $0.10 for a black & white copy.

62903479;3

7.      No work performed by Akerman shall be unnecessarily duplicative of work performed by any other counsel retained by the Debtor in the Chapter 11 Case.

8.      Notwithstanding any provision to the contrary in the engagement letter, any dispute relating to the services provided by Akerman shall be referred to arbitration consistent with the terms of the engagement letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.

9.      If there is any inconsistency between the terms of this Order, the Application, the engagement letter, and the affidavit, the terms of this Order shall govern.

10.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
        April _____, 2022

**PROPOSED**
_____
UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:
UNITED STATES TRUSTEE

By: /s/ Mark Bruh
    Mark Bruh, Trial Attorney

3

62903479;3