| | |
|---|---|
| Mark S. Lichtenstein<br>AKERMAN LLP<br>1251 Avenue of The Americas, 37th Floor<br>New York, New York 10020<br>Tel. No. (212) 880-3800<br>Fax No. (212) 880-8965 | John H. Thompson<br>AKERMAN LLP<br>750 Ninth Street, N.W., Suite 750<br>Washington D.C. 20001<br>Tel.: (202) 393-6222<br>Fax: (202) 393-5959 |

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BUYK CORP.[1] | ) | Case No. 22-10328 (MEW) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**STIPULATION AND ORDER**
**REJECTING LEASE AND SELLING EQUIPMENT**

This Stipulation is made and entered into as of April 1, 2022, by and among Buyk Corp. (the "Debtor"), debtor and debtor-in-possession in the above captioned chapter 11 case (the "Chapter 11 Case") and Third and Bergen, LLC (the "Landlord" and, collectively the "Parties") for the rejection of that certain Lease (as defined below) and sale of certain Equipment (as defined below).

**RECITALS**

WHEREAS, on March 17, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") [ECF No. 1] in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on March 22, 2022, the Debtor filed its *Omnibus Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a) and 365(a) and Fed. R. Bankr. P. 6006 for Entry of An Order Authorizing Rejection of Certain Unexpired Leases* (the "Motion") [ECF No. 37] seeking to reject certain unexpired leases to which the Debtor is a party.

---

[1] The Debtor in this case, along with the last four digits of its federal tax identification number is Buyk Corp. (1477). The principal place of business for the Debtor is 360 West 31st Street, Floor 6, New York, NY 10001.

62876325v1

WHEREAS, among the unexpired leases listed in Exhibit C to the Motion (the "Rejected Occupied Leases Schedule"), the Debtor seeks to reject the Lease made as of October 8, 2021 by and between Landlord and Debtor (the "Lease") for a portion of the premises commonly known as 83 Third Avenue, Brooklyn, NY 11217 (the "Premises").

WHEREAS, on March 24, 2022, the Court entered the Order Granting Debtor's Emergency Motion to (I) Approve Asset Sale Via Auction; and (II) Sell Property Free and Clear of All Liens, Claims, And Encumbrances [ECF No. 46] which authorizes the Debtor to sell all of the Debtor's equipment.

WHEREAS, to avoid (i) the incurrence of further rents owed by the Debtor to the Landlord, (ii) the costs associated with hiring and compensating of an estate auctioneer to sell the equipment located in the Premises, and (iii) to obtain the same value that the Debtor would otherwise attain through a private auction of the Equipment located in the Premises, the Parties agree to the following Stipulation.

## STIPULATION

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, after good faith arms' length extensive negotiations without collusion, and for good and valuable consideration the receipt of which are hereby acknowledged, the Parties agree to the following terms:

1. <u>Effective Date</u>. The effectiveness of this Stipulation is subject to, and conditioned upon, the occurrence of the "<u>Effective Date</u>," which means the first date by which each of the following conditions has occurred:

   a. this Stipulation is executed by each of the Parties, and

   b. the Court, upon presentment of this Stipulation by the Debtor, which shall occur no later than April 1, 2022, signs and enters this Stipulation by no later than April 8, 2022. The Parties shall use commercially reasonable efforts to ensure that the Court signs and enters the Stipulation by such date.

   c. The conditions set forth in this <u>Section 1</u> may be waived, in whole or in part, by mutual agreement of the Parties.

2. <u>The Lease</u>. The Parties agree that the Debtor will be deemed to have rejected the Lease and surrendered the Premises to the Landlord as of March 31, 2022. The Debtor will deliver to Landlord on or before April 1, 2022 the keys to the Premises, together with all relevant information concerning any security system (passwords, codes, etc.) at the Premises, and Landlord may possess the Premises effective as of April, 1, 2022.

3. <u>The Equipment</u>. Landlord agrees to purchase all equipment located in the Premises as of March 31, 2022 (the "Equipment"), which Equipment, all of which Debtor represents and warrants is owned by it, shall include, without limitation, the equipment described on Exhibit A annexed hereto, and all relevant information, owner's manuals, etc. concerning the Equipment and

2

all warranties thereof, (which Debtor shall deliver to Landlord on or before the Effective Date) free and clear of all liens, claims, interests and encumbrances, and the Landlord shall, within seven (7) days of the Effective Date of this Stipulation, pay the Debtor $30,000 for the equipment. Title to, and risk of loss of, the Equipment shall not pass to Landlord until the occurrence of the Effective Date. Landlord shall inspect the Equipment on or before April 1, 2022 and again on the Effective Date, or as soon thereafter as is reasonably practical. In the event any of the Equipment is missing or damaged as of the Effective Date, Landlord shall, at its option and in its sole discretion, have the right to cancel its purchase of the Equipment or to renegotiate the purchase price for the Equipment. Landlord shall not be responsible for any auctioneer or brokerage commission relating to the sale to it of the Equipment. Landlord shall have no responsibility for, or obligation to Debtor with respect to, the Equipment while it is located in the Premises prior to the Effective Date.

4.  <u>The Inventory</u>. The Parties agree that on or before April 7, 2022, Debtor shall remove its non-Equipment inventory located in the Premises and is hereby granted a license to access the Premises on or before such date, on reasonable notice to Landlord, in order to remove and retain such non-Equipment inventory. Landlord shall have no responsibility for, or obligation to Debtor with respect to, the non-Equipment inventory while it is located in the Premises, and, at Debtor's expense, may remove and dispose of any non-Equipment inventory remaining at the Premises after April 7, 2022.

5.  <u>Reservation of Rights.</u>

    a.  Nothing in this Stipulation shall have any effect on the Motion, except for the rejection of this specific Lease with the Landlord.

    b.  Nothing herein will alter the rights of any other Party with respect to the Motion.

    c.  Nothing in this Stipulation shall have any effect on any rights or claims which Landlord may have against Debtor whether under the Lease, for rejection damages, or otherwise, all of which rights and claims are expressly reserved.

6.  <u>Voluntary Agreement</u>. Each Party acknowledges that it has read all of the terms of this Stipulation, has had an opportunity to consult with counsel of its own choosing, or has voluntarily waived such right and enters into this Stipulation voluntarily and without duress.

7.  <u>Further Assurances</u>. Each Party agrees, without further consideration, to execute and deliver such other documents and to take such other action as may be necessary to consummate and carry into effect the terms of this Stipulation.

8.  <u>Construction</u>. The language used in this Stipulation will be deemed to be the language chosen by the Parties to express their mutual intent, and no rule of strict construction will be applied against any Party, nor will any rule of construction that favors a non-draftsman be applied. A reference to any statute will be deemed also to refer to all rules and regulations promulgated under the statute, unless the context requires otherwise. Unless specifically otherwise

provided or the context otherwise requires, the singular includes the plural and the plural the singular; the word "or" is deemed to include "and/or", the words "including", "includes" and "include" are deemed to be followed by the words "without limitation", and references to sections are to those of this Stipulation. Headings in this Stipulation are included for convenience of reference only and do not constitute a part of this Stipulation for any other purpose.

9. <u>Counterparts</u>. This Stipulation may be executed in counterparts which, taken together, shall constitute one original. Delivery of an executed counterpart of a signature page to this Stipulation by .pdf format shall be effective as delivery of a manually executed counterpart thereof. The Parties have authorized their respective counsel to sign this Stipulation, and proposed counsel is authorized to sign this Stipulation on behalf of Debtor.

10. <u>Applicable Law</u>. The validity, interpretation, and performance of this Stipulation shall be construed and interpreted according to the laws of the State of New York, except to the extent that (a) provisions of the Bankruptcy Code apply, in which event the Bankruptcy Code shall control, or (b) applicable federal law preempts state law.

11. <u>Entire Agreement; Amendments</u>. This document contains the entire agreement among the Parties as to the matters addressed herein, and may only be modified in writing signed by the Parties or their duly appointed agents. All prior agreements and understandings among the Parties concerning the subject matter hereof are superseded by the terms of this Stipulation.

12. <u>Successors and Assigns</u>. This Stipulation shall be binding on and inure to the benefit of the Parties and their respective agents, employees, affiliates, successors, and assigns.

13. <u>Good Faith</u>. This Stipulation has been negotiated at arm's length and Landlord has acted in good faith in entering into this Stipulation. Accordingly, Landlord shall be entitled to the protections of 11 U.S.C. § 363(m).

*[remainder of page intentionally left blank]*

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the date written in the opening paragraph hereof.

| AKERMAN LLP | SEYFARTH SHAW LLP |
|---|---|
| By: */s/Mark S. Lichtenstein*<br>Mark S. Lichtenstein<br>1251 Avenue of The Americas, 37th Floor<br>New York, New York 10020<br>Tel. No. (212) 880-3800<br>Fax No. (212) 880-8965<br>E-Mail: mark.lichtenstein@akerman.com | By: */s/ Edward M. Fox*<br>Edward M. Fox, Esq.<br>620 8th Avenue<br>New York, NY 10018<br>Tel. No. (212) 218-4646<br>Fax No. (917) 344-1339<br>E-Mail: emfox@seyfarth.com |
| -and- | *Counsel for Third and Bergen, LLC* |
| John H. Thompson<br>AKERMAN LLP<br>750 Ninth Street, N.W., Suite 750<br>Washington D.C. 20001<br>Tel.: (202) 393-6222<br>Fax: (202) 393-5959<br>E-Mail: john.thompson@akerman.com | |
| *Proposed Counsel for Debtor and Debtor-in Possession* | |

Dated: New York, New York
April 8, 2022

                                                                                                        s/Michael E. Wiles
**HONORABLE MICHAEL E. WILES**
**UNITED STATES BANKRUPTCY JUDGE**

5