UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In Re:

BUYK Corp.,

         Debtor.
----------------------------------------------------------X

RETURN DATE:    April 19, 2022
TIME:    10:00 A.M.

Chapter 11

Case No. 22-10328 (MEW)

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF 1860 N. MILWAUKEE COMET LLC WITH RESPECT TO DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 365(a) AND FED. R. BANKR. P. 6006 FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES

1860 N. Milwaukee Comet LLC ("1860 N. Milwaukee"), by and through its counsel, Weinberg, Gross & Pergament LLP, hereby files its Limited Objection and Reservation of Rights to the Debtor's motion "Pursuant To 11 U.S.C. §§ 105(a) and 365(a) and FED. R. BANKR. P. 6006 for Entry of an Order Authorizing Rejection of Certain Unexpired Leases" ("Motion") and avers as follows:

1. On March 17, 2022 (the "Petition Date"), BuyK Corp. ("Debtor" or "Buyk") filed a case under Chapter 11 of the Bankruptcy Code. Since the Petition Date, Buyk has continued in possession of its assets and the operation of its business as a debtor in possession.

2. On March 22, 2022, Buyk filed the Motion. (ECF No. 37.)

3. Buyk is a tenant of the premises located at 1860 N. Milwaukee Avenue, Chicago, Illinois ("1860 Premises") under a lease dated October 14, 2021 by and between 1860 N. Milwaukee and Buyk ("Lease").

4. Buyk has identified the 1860 Premises and Lease on Exhibit C to its Motion.

5. With respect to 1860 N. Milwaukee and other similarly situated tenants, "Debtor further seeks authority to reject the leases listed in the Rejected Occupied Lease Schedule

(attached hereto as Exhibit C) effective as of March 31, 2022, or when the premises are vacated by the Debtor, if the Debtor is unable to vacate the premises before March 31, 2022 while the Debtor attempts to liquidate all of its assets as quickly as possible. The Debtor further seeks authority to abandon whatever Equipment or Inventory is left in the stores that the Debtor is unable to sell."

6. 1860 N. Milwaukee understands that under certain circumstances a debtor has a right to reject an unexpired commercial lease. However, 1860 N. Milwaukee has several concerns with respect to the relief being sought by Buyk through its Motion.

7. For instance, the date of rejection is not definite. Buyk is seeking rejection "effective as of March 31, 2022, or when the premises are vacated by the Debtor, if the Debtor is unable to vacate the premises before March 31, 2022, . . ." (*See* Motion, ¶ 22.)

8. As noted in an Amended Notice dated April 1, 2022, a sale of Buyk's perishable inventory was scheduled for April 2, 2022 (ECF No. 76). Accordingly, there is no dispute that 1860 N. Milwaukee could not regain possession of the 1860 Premises prior to March 31, 2022.

9. Further, there is no outside date for Buyk to tender possession of the 1860 Premises to 1860 N. Milwaukee. While Buyk may "attempt[] to liquidate all of its assets as quickly as possible," there should be compensation to 1860 N. Milwaukee while Buyk uses the 1860 Premises for sale of perishable inventory and possibly "whatever Equipment or Inventory is left in the store[]. . . ."

10. Further, 1860 N. Milwaukee is concerned by Buyk's request for "authority to abandon whatever Equipment or Inventory is left in the stores that the Debtor is unable to sell."

11. There is no representation from Buyk that it owns the Equipment and/or Inventory at the 1860 Premises, and if it does own such Equipment and/or Inventory that it is free and clear of any lien, claim or encumbrance. 1860 N. Milwaukee is unaware if there could be any Perishable Agricultural Commodities Act ("PACA") claims asserted against the perishable portion of the Inventory. 1860 N. Milwaukee should not be saddled with any PACA creditors debts.

12. Further, to the extent that Buyk owns the Equipment and/or Inventory at the 1860 Premises, free and clear of any lien, claim or encumbrance, Buyk must compensate 1860 N. Milwaukee for the costs and expenses that it incurs as a result of the Equipment and/or Inventory being abandoned, such as storage and removal. At a minimum, 1860 N. Milwaukee should be entitled to an administrative claim with respect to any such expenses.

13. Buyk is also seeking to include in the proposed order that each landlord "to a Rejected Lease shall have until the latter of (i) the general claims bar deadline, and (ii) thirty (30) days following entry of this Order, to file a claim for any damages arising out of or related to a Rejected Lease."

14. 1860 N. Milwaukee contends that its' time to file a proof of claim should be the later of: (i) the general claims bar deadline, and (ii) thirty (30) days following 1860 N. Milwaukee regaining possession of the 1860 Premises.

15. 1860 N. Milwaukee's suggestion will provide it with sufficient time to inspect the 1860 Premises once it regains possession. Under Buyk's proposal, it is conceivable that 1860 N. Milwaukee will likely not have had an opportunity to inspect the 1860 Premises prior to the proposed deadline to submit a proof of claim.

WHEREFORE, 1860 N. Milwaukee Comet LLC respectfully requests that no order be entered with respect to the Motion without first addressing the objections raised by 1860 N. Milwaukee Comet LLC, and for such other and further relief as is just and proper.

Dated: Garden City, New York
       April 11, 2022

                        Weinberg, Gross & Pergament LLP
                        Attorneys for 1860 N. Milwaukee Comet LLC

By: _____
     Marc A. Pergament
     400 Garden City Plaza, Suite 309
     Garden City, New York 11530
     Telephone: (516) 877-2424
     Email: mpergament@wgplaw.com

4