Windels Marx Lane & Mittendorf, LLP
*Proposed counsel Buyk Corp., Debtor and Debtor in Possession*
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000
Attorney appearing: James M. Sullivan, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>BUYK CORP.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10328 (MEW) |

**STIPULATION AND ORDER**
**REJECTING LEASE AND RESOLVING ADMINISTRATIVE RENT**
**AND LEASE REJECTION DAMAGE CLAIMS**

This Stipulation is made and entered into as of May 19, 2022, by and between Buyk Corp. (the "Debtor"), debtor and debtor-in-possession in the above captioned chapter 11 case and United Investors, Inc. as Agent for AG United Investors LP (the "Landlord" and, collectively the "Parties") for the rejection of that certain Lease (as defined below) and resolving administrative rent and lease rejection damage claims (as defined below).

**RECITALS**

WHEREAS, on March 17, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") [ECF No. 1] in the United States Bankruptcy Court for the Southern District of New York (the "Court");

WHEREAS, on March 22, 2022, the Debtor filed its *Omnibus Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a) and 365(a) and Fed. R. Bankr. P. 6006 for Entry of An Order Authorizing Rejection of Certain Unexpired Leases* (the "Motion") [ECF No. 37] seeking to reject certain unexpired leases to which the Debtor is a party;

---

[1] The Debtor in this case, along with the last four digits of its federal tax identification number is Buyk Corp. (1477). The principal place of business for Debtor is 360 West 31st Street, Floor 6, New York, NY 10001.

WHEREAS, among the unexpired leases listed in Exhibit B to the Motion (the "Rejected Unoccupied Leases Schedule"), the Debtor seeks to reject the Lease made as of December 7, 2021 by and between Landlord and Debtor (the "Lease") for the premises commonly known as 3545-51 W. Armitage Avenue, Chicago, Illinois 60647 (the "Premises");

WHEREAS, on March 24, 2022, the Court entered the Order Granting Debtor's Emergency Motion to (I) Approve Asset Sale Via Auction; and (II) Sell Property Free and Clear of All Liens, Claims, And Encumbrances [ECF No. 46] which authorizes the Debtor to sell all of the Debtor's equipment;

WHEREAS, to avoid the incurrence of administrative rent owed by the Debtor to the Landlord, and to limit the Landlord's lease rejection damage claim, the Parties have entered into the following Stipulation.

## STIPULATION

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, after good faith arm's length extensive negotiations without collusion, and for good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree to the following terms:

1. Effective Date. The effectiveness of this Stipulation is subject to, and conditioned upon, the occurrence of the "Effective Date," which means the first date by which each of the following conditions has occurred:

    a. this Stipulation is executed by each of the Parties, and

    b. the Court, upon presentment of this Stipulation by the Debtor, notice of which shall occur no later than May 19, 2022, signs and enters this Stipulation by no later than May 26, 2022. The Parties shall use commercially reasonable efforts to ensure that the Court signs and enters the Stipulation by such date.

    c. The conditions set forth in this Section 1 may be waived, in whole or in part, by mutual agreement of the Parties.

2. Security Deposit: Landlord and Debtor stipulate that no security deposit was paid by Debtor.

3. The Lease. On the Effective Date, the Parties agree that the Debtor will be deemed to have rejected the Lease and surrendered the Premises to the Landlord as of March 17, 2022. On or before 5:00 p.m. Central Standard Time on May 19, 2022, the Debtor shall surrender possession of the Premises to the Landlord and deliver the keys to the Premises, together with all relevant information concerning any security system (passwords, codes, etc.) to the Premises, and Landlord may possess the Premises effective as of May 19, 2022.

4. Abandonment. Any and all property of the Debtor which remains on the Premises as of May 13, 2022, shall be and is hereby deemed abandoned without further order of court. The

Debtor represents and warrants that any Equipment and Inventory that remains in the Premises as of May 13, 2022 is free from all claims, liens and encumbrances of any third party, including secured lenders and PACA Claimants.

5. <u>Resolution of Administrative Rent and Rejection Damage Claims</u>. Upon the Effective Date, and provided that Debtor abides by the terms of this Stipulation and Order, including but not limited to by tendering possession of the Premises to the Landlord on or before May 13, 2022, the Landlord shall waive any claim for administrative rent or rejection damages.

6. <u>Mutual Releases</u>. Subject to the rights and obligations as stipulated herein, and subject to the peaceful surrender of the Premises by Debtor as stipulated above, each of the Parties agree to release the other from any and all claims which they have or may have against the other as of the date the Order approving this Stipulation becomes effective.

7. <u>Voluntary Agreement</u>. Each Party acknowledges that it has read all of the terms of this Stipulation, has had an opportunity to consult with counsel of its own choosing, or has voluntarily waived such right and enters into this Stipulation voluntarily and without duress.

8. <u>Further Assurances</u>. Each Party agrees, without further consideration, to execute and deliver such other documents and to take such other action as may be necessary to consummate and carry into effect the terms of this Stipulation.

9. <u>Construction</u>. The language used in this Stipulation will be deemed to be the language chosen by the Parties to express their mutual intent, and no rule of strict construction will be applied against any Party, nor will any rule of construction that favors a non-draftsman be applied. A reference to any statute will be deemed also to refer to all rules and regulations promulgated under the statute, unless the context requires otherwise. Unless specifically otherwise provided or the context otherwise requires, the singular includes the plural and the plural the singular; the word "or" is deemed to include "and/or", the words "including", "includes" and "include" are deemed to be followed by the words "without limitation", and references to sections are to those of this Stipulation. Headings in this Stipulation are included for convenience of reference only and do not constitute a part of this Stipulation for any other purpose.

10. <u>Counterparts</u>. This Stipulation may be executed in counterparts which, taken together, shall constitute one original. Delivery of an executed counterpart of a signature page to this Stipulation by .pdf format shall be effective as delivery of a manually executed counterpart thereof. The Parties have authorized their respective counsel to sign this Stipulation, and proposed counsel is authorized to sign this Stipulation on behalf of Debtor.

11. <u>Applicable Law</u>. The validity, interpretation, and performance of this Stipulation shall be construed and interpreted according to the laws of the State of Illinois, except to the extent that (a) provisions of the Bankruptcy Code apply, in which event the Bankruptcy Code shall control, or (b) applicable federal law preempts state law.

12. <u>Entire Agreement; Amendments</u>. This document contains the entire agreement among the Parties as to the matters addressed herein, and may only be modified in writing signed by the Parties or their duly appointed agents. All prior agreements and understandings among the Parties concerning the subject matter hereof are superseded by the terms of this Stipulation.

13. <u>Successors and Assigns</u>. This Stipulation shall be binding on and inure to the benefit of the Parties and their respective agents, employees, affiliates, successors, and assigns including without limitation, any subsequently appointed Chapter 11 or Chapter 7 trustee.

14. <u>Good Faith</u>. This Stipulation has been negotiated at arm's length and Landlord has acted in good faith in entering into this Stipulation. Accordingly, Landlord shall be entitled to the protections of 11 U.S.C. § 363(m).

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the date written in the opening paragraph hereof.

WINDELS MARX
LANE & MITTENDORF LLP

By: */s/ James Sullivan*
James Sullivan
156 W. 56th Street
New York, New York 10019
Tel. No. (212) 237-1170
Fax No. (212) 262-121
E-Mail: jsullivan@windelsmarx.com

*Counsel for Buyk Corp., Debtor and Debtor in Possession*

THE STERLING LAW OFFICE LLC

By: */s/ Kevin Sterling*
Kevin Sterling
411 North LaSalle Street
Suite 200
Chicago, IL 60654
Tel No. (312) 670-9744
Fax No. (312) 962-8817
E-Mail: kevin@thesterlinglaw.com

*Attorney for Landlord, AG United Investors LP*

**SO ORDERED**

New York, New York
May 31, 2022

        **s/Michael E. Wiles**
        **HONORABLE MICHAEL E. WILES**
        **UNITED STATES BANKRUPTCY JUDGE**