Douglas J. Pick, Esq.  
Eric C. Zabicki, Esq.  
**PICK & ZABICKI LLP**  
Counsel to 5215 Properties, LLC  
369 Lexington Avenue, 12th Floor  
New York, New York 10017  
(212) 695-6000  

Hearing Date: August 23, 2022  
Time: 11:00 a.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------x  
In re                                    Chapter 11  
BUYK CORP.,                              Case No. 22-10328 (MEW)  

                                 Debtor.  
------------------------------------------------------x  

## NOTICE OF MOTION OF 5215 PROPERTIES, LLC FOR ENTRY OF AN ORDER VACATING THE AUTOMATIC STAY WITH RESPECT TO SECURITY DEPOSIT

        **PLEASE TAKE NOTICE**, that upon the annexed motion, dated July 18, 2022, and the exhibits annexed thereto, 5215 Properties, LLC ("5215 Properties"), by and through its undersigned counsel, will move this Court before the Honorable Michael E. Wiles, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on August 23, 2022 at 11:00 a.m., or as soon thereafter as counsel may be heard, for entry of an Order, pursuant to 11 U.S.C. §§ 362(d)(1) and/or (d)(2), vacating the automatic stay with respect to a cash deposit currently held by 5215 Properties as security for the obligations of Buyk Corp., the debtor and debtor-in-possession herein (the "Debtor"), under the terms of a commercial lease agreement for premises located at 5216-5224 Fifth Avenue, Brooklyn, New York, and granting such other and further relief as may be just and proper (the "Motion").

        **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall (i) be made in writing, (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, (iii) set forth the name of the objecting party, the nature and

amount of any claim or interest held or asserted against the Debtor's, the basis for the objection and the specific grounds therefor, (iv) be filed with the Court with a copy to the chambers of the Honorable Michael E. Wiles, together with proof of service thereof, and (v) be served in a manner so as to be received by Pick & Zabicki LLP, 369 Lexington Avenue, 12th Floor, New York, New York 10017, not later than seven (7) days prior to the hearing date.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion will be conducted **telephonically**. All attorneys and parties wishing to appear at, or attend, the telephonic hearing on the Motion should make arrangements to do so with Court Solutions LLC by visiting its website, www.court-solutions.com, creating an account and registering for the hearing.

Dated: New York, New York
       July 18, 2022

                                        **PICK & ZABICKI LLP**
                                        Counsel to 5215 Properties, LLC

By: _____
      Eric C. Zabicki, Esq.
      369 Lexington Avenue, 12th Floor
      New York, New York 10017
      (212) 695-6000

Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to 5215 Properties, LLC
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| BUYK CORP., | Case No. 22-10328 (MEW) |
| Debtor. | |

------------------------------------------------------x

## MOTION OF 5215 PROPERTIES, LLC FOR ENTRY OF AN ORDER VACATING THE AUTOMATIC STAY WITH RESPECT TO SECURITY DEPOSIT

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

5215 Properties, LLC ("5215 Properties"), by and through its undersigned counsel, as and for its motion (the "Motion") for entry of an Order, pursuant to §§ 362(d)(1) and/or (d)(2) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay with respect to a cash deposit currently held by 5215 Properties as security for the obligations of Buyk Corp., the debtor and debtor-in-possession herein (the "Debtor"), under to the terms of a commercial lease agreement, respectfully represents and alleges as follows:

### BACKGROUND

1. 5215 Properties, as landlord, and the Debtor, as tenant, had been parties to a written commercial lease agreement dated as of December 3, 2021 (the "Lease") for a portion of the ground floor and basement premises in the building located at 5216-5224 Fifth Avenue, Brooklyn, New York (the "Premises").

2. On March 17, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

3. On June 2, 2022, the Debtor filed a Notice of Rejection with respect to the Lease, a copy of which is attached hereto as *Exhibit "A"*, as a result of which the Lease was deemed rejected, pursuant to § 365(a) of the Bankruptcy Code, as of May 25, 2022.

4. On June 17, 2022, and consistent with § 502(b)(6) of the Bankruptcy Code, 5215 Properties filed a proof of claim in the Debtor's case (designated as Claim No. 36) (the "Prepetition Proof of Claim", a copy of which is attached hereto as *Exhibit "B"*) asserting a pre-petition indebtedness owed by the Debtor in connection with the Lease totaling $234,155.43, comprised of the following amounts:

(a) Lease termination damages totaling $181,350.00 representing the rent and additional rent reserved under the Lease for the one (1) year period June 2022 through May 2023;

(b) Fixed rent owed under the Lease as of the Petition Date totaling $45,000.00, representing the monthly base rent for the months of December 2021, January 2022 and February 2022 (which were initially "free rent" periods granted by 5215 Properties under the Lease, but with regard to which monthly base rent became payable by the Debtor upon its breach/termination of the Lease); and

(c) Additional rent owed under the Lease as of the Petition Date totaling $7,805.43, representing a partial broker's commission paid by 5215 Properties in connection with the execution of the Lease, which amount is reimbursable by the Debtor to 5215 Properties under the Lease.[1]

---

[1] 5215 Properties expressly reserves the right to amend or supplement its Prepetition Proof of Claim at any time, in any respect and for any reason, including but not limited to, amendments for the purposes of: (a) fixing, increasing, or amending the amounts claimed; (b) adding or amending documents and other information and further describing the claim; and/or (c) amending the classification of the amounts claimed. 5215 Properties also reserves the right to file additional proofs of claim or requests for allowance for any additional claims against the Debtor of any kind or nature, including, without limitation, claims for administrative expenses, interest, late charges, costs, expenses, attorneys' fees, and any and all other charges and obligations reserved under the applicable agreements, instruments and other transaction documents, or otherwise recoverable under applicable law, and claims for reimbursement in amounts that are not fully ascertainable at this time.

5. 5215 Properties is currently holding a cash security deposit in the amount of $90,000.00 under the Lease which was received from the Debtor prior to the Petition Date (the "Security Deposit"). With respect to the Security Deposit, Sections 33.15(a) and (b) of the Lease provide, in relevant part, as follows:

> (a) Tenant shall deposit with Landlord upon signing of this Lease the sum of Ninety Thousand Dollars ($90,000.00) as security for the faithful performance and observance by Tenant of the terms, covenants, conditions and provisions of this Lease…
>
> (b) If a default shall occur and be continuing, Landlord may apply the whole or any part of the security so deposited…(i) toward the payment of any Fixed Rent, Additional Rent or any other items of Rent as to which Tenant is in default, (ii) toward any sum which Landlord may expend or be required to expend by reason of Tenant's default in respect of any of the terms, covenants and conditions of this Lease, including, without limitation, any damage, liability or expense (including, without limitation, reasonable attorneys' fees and disbursements) incurred or suffered by Landlord, and (iii) toward any damage or deficiency incurred or suffered by Landlord in reletting of the Premises, whether such damages or deficiency accrues before or after summary proceedings or other re-entry by Landlord…

6. By way of the Prepetition Proof of Claim, 5215 Properties asserted that the amounts claimed thereunder were entitled to treatment as a secured claim up to the full amount of the Security Deposit. However, by virtue of the automatic stay arising in this case pursuant to § 362(a) of the Bankruptcy Code, 5215 Properties has not applied the Security Deposit to the prepetition amounts owed to it by the Debtor with respect to the Lease. Accordingly, 5215 Properties brings the instant Motion.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Motion

is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§ 362(d)(1) and/or (d)(2) of the Bankruptcy Code.

**RELIEF REQUESTED**

8. Sections 362(d)(1) and (d)(2) of the Bankruptcy Code provide, in pertinent part that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) *for cause*, including the lack of adequate protection of a interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if -
>
> (A) the debtor does not have an equity interest in such property; and
>
> (B) such property is not necessary to an effective reorganization.

9. The Bankruptcy Code does not define the term "cause" however, the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances." *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (*quoting* H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44, *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300). The burden of proof on a motion seeking modification of the automatic stay is a shifting one: the movant has the initial burden of showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence. *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999).

4

10. Under § 362(d)(2) of the Bankruptcy Code, "equity" means the difference between the value of the property and the total amount of claims that it secures. *Id.* at 901 (*citing In re Diplomat Electronics*, 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988). A movant seeking relief from the automatic stay pursuant to § 362(d)(2) bears the burden of proving that the debtor lacks equity in the property, while the debtor bears the burden on all other issues (*i.e.*, that the property is necessary to an effective reorganization). 11 U.S.C. § 362(g); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988); *In re 500 Fifth Ave. Assocs.*, 148 B.R. 1010, 1015 (Bankr. S.D.N.Y. 1993). Both provisions of § 362(d)(2) of the Bankruptcy Code must be fully satisfied before relief from the stay can be granted. *In re New Era Co.*, 125 B.R. 725, 728 (Bankr. S.D.N.Y. 1991).

11. Turning to the instant case, 5215 Properties respectfully submits that ample ground exists for a modification of the automatic stay with respect to 5215 Properties' interests, rights and remedies in and to the Security Deposit. As discussed above, 5215 Properties has filed the Prepetition Proof of Claim for amounts owed by the Debtor in connection with the Lease totaling $234,155.43. No objection to the Prepetition Proof of Claim has been filed to date. At a minimum, the $181,350.00 portion of 5215 Properties' claim amount on account of the Debtor's rejection of the Lease (again representing the rent payable for the one (1) year period June 2022 through May 2023 at the rental rates expressly stated in the Lease) is not subject to any *bona fide* dispute.[2] Clearly, "cause" for relief from the automatic stay under § 362(d)(1) exists so as to

---

[2] Courts in this District have recognized the right of a landlord to apply a debtor's prepetition security deposit against the landlord's lease rejection damages. *See, e.g. Pereira v. Rich Taubman Assocs. (In re KP Fashion Co.)*, 10-cv-8429, 2011 U.S. Dist. LEXIS 96466 (S.D.N.Y. – Aug. 29, 2011) ("[I]t is clearly the case that Congress intended the amount of a security deposit to be applied to a landlord's pre-petition claims, whether by way of lease arrearages or lease rejection damages.") (*quoting In re PYXSYS Corporation*, 288 B.R. 309, 319 (Bankr. D. Mass. 2003)).

permit 5215 Properties to apply the Security Deposit and, accordingly, reduce the Debtor's prepetition obligations under the Lease as asserted by way of the Prepetition Proof of Claim.

12. It is also clear that the Debtor does not have any equity in the Security Deposit. Again, the $90,000.00 Security Deposit secures prepetition obligations of the Debtor under the Lease totaling $234,155.43 as reflected in the Prepetition Proof of Claim. As such, any interest which the Debtor or its estate may claim to have with respect to the Security Deposit is fully encumbered. Additionally, the Debtor is not attempting to reorganize under chapter 11 in this case, but rather has ceased operating and is in the process of liquidating its business assets. Accordingly, the second, "necessary to an effective reorganization", prong of the § 362(d)(2) analysis is irrelevant. *See, e.g., B.N Realty Assocs. v. Lichtenstein*, 238 B.R. 249, 258 (S.D.N.Y. 1999) (noting that "a Chapter 7 petition does not contemplate reorganization."); *see also Powers v. American Honda Fin. Corp.*, 216 B.R. 95, 97 (N.D.N.Y. 1997) (noting that "in a Chapter 7 liquidation case, effective reorganization is irrelevant" for purposes of Section 362(d)(2)). However, even if this aspect of the analysis were relevant, the Debtor could not meet its burden to demonstrate that the Security Deposit is necessary to an effective reorganization because the application of the Security Deposit to the Debtor's prepetition obligations under the Lease would have no meaningful impact whatsoever on the outcome of the Debtor's case. Thus, both elements of § 362(d)(2) are satisfied with regard to this case.

## CONCLUSION

13. Based upon the foregoing, 5215 Properties respectfully submits that the automatic stay should be vacated as to the 5215 Properties' interests, rights and remedies in and to the Security Deposit so as to permit 5215 Properties to immediately apply the Security Deposit to the Debtor's prepetition obligations under the Lease asserted by way of the Prepetition Proof of Claim.

**WHEREFORE**, 5215 Properties respectfully requests that the Court grant the Motion in its entirety together with such other and further relief as may be just and proper.

Dated: New York, New York
      July 18, 2022

                                      **PICK & ZABICKI LLP**
                                      Counsel to 5215 Properties, LLC

By: _____
      Eric C. Zabicki, Esq.
      369 Lexington Avenue, 12th Floor
      New York, New York 10017
      (212) 695-6000