Windels Marx Lane & Mittendorf, LLP
*Counsel for Buyk Corp., Debtor and Debtor in Possession*
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000
Attorney appearing: James M. Sullivan, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| BUYK CORP.[1] | |
| Debtor. | Case No. 22-10328 (MEW) |

**STIPULATION AND ORDER**
**REJECTING LEASE AND RESOLVING ADMINISTRATIVE RENT**
**AND LEASE REJECTION DAMAGE CLAIMS**

This Stipulation is made and entered into as of July 22, 2022, by and between Buyk Corp.

(the "Debtor"), debtor and debtor-in-possession in the above captioned chapter 11 case and

STRATA REALTY CORP. and 201 WEST 108 STREET LLC (together, the "Landlord" and,

collectively the "Parties") for the rejection of that certain Lease (as defined below) and resolving

administrative rent and lease rejection damage claims (as defined below).

## RECITALS

WHEREAS, on March 17, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") [ECF No. 1] in the United States Bankruptcy Court for the Southern District of New York (the "Court");

WHEREAS, on March 22, 2022, the Debtor filed its *Omnibus Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a) and 365(a) and Fed. R. Bankr. P. 6006 for Entry of An Order Authorizing Rejection of Certain Unexpired Leases* (the "Motion") [ECF No. 37] seeking to reject certain unexpired leases to which the Debtor is a party;

---

[1] The Debtor in this case, along with the last four digits of its federal tax identification number is Buyk Corp. (1477). The principal place of business for Debtor is 360 West 31st Street, Floor 6, New York, NY 10001.

WHEREAS, among the unexpired leases listed in Exhibit C to the Motion (the "Rejected Occupied Leases Schedule"), the Debtor seeks to reject the Lease made by and between Landlord and Debtor on or about July 15, 2021 (the "Lease") for the premises commonly known as 976 Amsterdam Avenue, New York, New York 10025 (the "Premises");

WHEREAS, on March 24, 2022, the Court entered the Order Granting Debtor's Emergency Motion to (I) Approve Asset Sale Via Auction; and (II) Sell Property Free and Clear of All Liens, Claims, And Encumbrances [ECF No. 46] which authorizes the Debtor to sell all of the Debtor's equipment;

WHEREAS, on May 25, 2022, the Court entered the Order granting the Motion [ECF No. 226](the "Lease Rejection Order"); the Lease Rejection Order authorizes the Debtor to reject any of the leases identified on Exhibit C thereto by filing a notice of said rejection with the Court upon notice to the affected landlord, and provides that said notice shall set forth the proposed effective date of said rejection, and that it may contain other terms relating to such rejection as may be agreed to by the parties to the rejected lease; the Lease is identified on Exhibit C of the Lease Rejection Order; and

WHEREAS, to resolve the ownership of Debtor's security deposit (the "Security Deposit"), to avoid the incurrence of administrative rent owed by the Debtor to the Landlord, and to limit the Landlord's lease rejection damage claim, the Parties have entered into the following Stipulation.

## STIPULATION

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, after good faith arm's length extensive negotiations without collusion, and for good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree to the following terms:

1.      Effective Date. The effectiveness of this Stipulation is subject to, and conditioned upon, the occurrence of the "Effective Date," which means the first date by which each of the following conditions has occurred:

   a.  this Stipulation is executed by each of the Parties, and

   b.  the Court, upon presentment of this Stipulation by the Debtor, notice of which shall occur no later than July 25, 2022, signs and enters this Stipulation by no later than August 1, 2022. The Parties shall use commercially reasonable efforts to ensure that the Court signs and enters the Stipulation by such date.

   c.  The conditions set forth in this Section 1 may be waived, in whole or in part, by mutual agreement of the Parties.

2.      Security Deposit and Payment:  In consideration of Landlord entering into this Agreement, Debtor does hereby assign, transfer, convey, and release to Landlord all right, title and

interest in and to the Security Deposit in its entirety including all interest thereon, and the Debtor and its estate hereby waives any and all rights and claims to the Security Deposit.

3. <u>The Lease</u>. On the Effective Date, the Parties agree that the Debtor will be deemed to have rejected the Lease and surrendered the Premises to the Landlord as of July 25, 2022. On or before 5:00 p.m. Eastern Standard Time on July 25, 2022, the Debtor shall surrender possession of the Premises to the Landlord consistent with the requirements of the Lease and deliver the keys to the Premises, together with all relevant information concerning any security system (passwords, codes, etc.) to the Premises, and Landlord may possess the Premises effective as of July 26, 2022 (the "Surrender Date").

4. <u>Abandonment</u>. Any and all property of the Debtor which remains on the Premises as of Surrender Date, including any equipment or inventory, shall be and is hereby deemed abandoned by Debtor free and clear of any rights, liens or claims of the Debtor and any third parties without further order of court.

5. <u>Resolution of Administrative Rent and Rejection Damage Claims</u>. Upon the Effective Date, other than transferring to Landlord all rights to the Security Deposit, the Landlord shall waive any claims for administrative rent or rejection damages except that Landlord shall have a claim for administrative rent or the value of use and occupancy to the extent Debtor fails to timely comply with paragraph 3.

6. <u>Mutual Releases</u>. Subject to the rights and obligations as stipulated herein, each of the Parties agree to release the other from any and all claims which they have or may have against the other as of the date the Order approving this Stipulation becomes effective.

7. <u>Voluntary Agreement</u>. Each Party acknowledges that it has read all of the terms of this Stipulation, has had an opportunity to consult with counsel of its own choosing, or has voluntarily waived such right and enters into this Stipulation voluntarily and without duress.

8. <u>Further Assurances</u>. Each Party agrees, without further consideration, to execute and deliver such other documents and to take such other action as may be necessary to consummate and carry into effect the terms of this Stipulation.

9. <u>Construction</u>. The language used in this Stipulation will be deemed to be the language chosen by the Parties to express their mutual intent, and no rule of strict construction will be applied against any Party, nor will any rule of construction that favors a non-draftsman be applied. A reference to any statute will be deemed also to refer to all rules and regulations promulgated under the statute, unless the context requires otherwise. Unless specifically otherwise provided or the context otherwise requires, the singular includes the plural and the plural the singular; the word "or" is deemed to include "and/or", the words "including", "includes" and "include" are deemed to be followed by the words "without limitation", and references to sections are to those of this Stipulation. Headings in this Stipulation are included for convenience of reference only and do not constitute a part of this Stipulation for any other purpose.

10. <u>Counterparts</u>. This Stipulation may be executed in counterparts which, taken together, shall constitute one original. Delivery of an executed counterpart of a signature page to this Stipulation by .pdf format shall be effective as delivery of a manually executed counterpart

thereof. The Parties have authorized their respective counsel to sign this Stipulation, and proposed counsel is authorized to sign this Stipulation on behalf of Debtor.

11. <u>Applicable Law</u>. The validity, interpretation, and performance of this Stipulation shall be construed and interpreted according to the laws of the State of New York, except to the extent that (a) provisions of the Bankruptcy Code apply, in which event the Bankruptcy Code shall control, or (b) applicable federal law preempts state law.

12. <u>Entire Agreement; Amendments</u>. This document contains the entire agreement among the Parties as to the matters addressed herein, and may only be modified in writing signed by the Parties or their duly appointed agents. All prior agreements and understandings among the Parties concerning the subject matter hereof are superseded by the terms of this Stipulation.

13. <u>Successors and Assigns</u>. This Stipulation shall be binding on and inure to the benefit of the Parties and their respective agents, employees, affiliates, successors, and assigns including without limitation, any subsequently appointed Chapter 11 or Chapter 7 trustee.

14. <u>Good Faith</u>. This Stipulation has been negotiated at arm's length and Landlord has acted in good faith in entering into this Stipulation. Accordingly, Landlord shall be entitled to the protections of 11 U.S.C. § 363(m).

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the date written in the opening paragraph hereof.

WINDELS MARX
LANE & MITTENDORF LLP

By: */s/ James Sullivan*
James Sullivan
156 W. 56th Street
New York, New York 10019
Tel. No. (212) 237-1170
Fax No. (212) 262-121
E-Mail: jsullivan@windelsmarx.com

*Counsel for Buyk Corp., Debtor and Debtor in Possession*

ROSENBERG & ESTIS, P.C.

By: */s/ John Giampolo*
John Giampolo
733 Third Avenue
New York, NY 10017
Tel. No. (212) 551-1273
E-Mail: jgiampolo@rosenbergestis.com

*Counsel for STRATA REALTY CORP. and 201 WEST 108 STREET LLC*

**SO ORDERED**

New York, New York
August __, 2022

**PROPOSED**

_____

**HONORABLE MICHAEL E. WILES**
**UNITED STATES BANKRUPTCY JUDGE**

{12068027:2}
134977878.1