UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BUYK CORP., | ) | Case No. 22-10328 (MEW) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER APPROVING APPLICATION FOR APPROVAL OF THE
EMPLOYMENT AND RETENTION OF WINDELS MARX LANE & MITTENDORF,
LLP AS INCOMING GENERAL BANKRUPTCY ATTORNEYS FOR THE DEBTOR**

Upon the Application of Buyk Corp. (the "**Debtor**"), as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), for entry of an order authorizing the Debtor to employ and retain Windels Marx Lane & Mittendorf, LLP ("**Windels Marx**") as incoming general bankruptcy counsel for the Debtor effective April 4, 2022 [ECF No. 147] (the "**Application**"),[1] and upon the exhibits attached to the Application, specifically the affidavit of James M. Sullivan in support of the Application ("**Sullivan Affidavit**") and the engagement letter for Debtor's retention of Windels Marx (the "**Engagement Letter**"), this Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application is in the best interests of the Debtor, its estate, and its creditors and relief under Rule 6003 of the Federal Rules of Bankruptcy Procedure and approving employment of Windels Marx effective as of April 4, 2022 is necessary to avoid immediate and irreparable harm; (iv) Windels Marx is a "disinterested person" as that term is defined under Bankruptcy Code section 101(14) as modified by Bankruptcy Code section 1107(b); (v) proper and adequate notice of the Application has been given and that no other or further notice is

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

necessary; (vi) no objections have been filed to this Application [or all objections to the Application have been resolved by this Order or are overruled in their entirety]; and (vii) upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein.

IT IS THEREFORE ORDERED:

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to retain Windels Marx, as bankruptcy counsel, effective as of April 4, 2022, in accordance with and on the terms described in the Application, the Sullivan Affidavit, the Engagement Letter, and this Order, and to perform the services described therein.

3. The requirements of section 329 of the Bankruptcy Code have been satisfied.

4. Windels Marx shall be compensated upon appropriate application and notice in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, including any applicable procedures and orders of this Court.

5. Prior to any increases in Windels Marx's rates for any individual retained by Windels Marx and providing services in this case, Windels Marx shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee, and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. The fee structure set forth in the Application is approved provided that reimbursements of expenses are subject to the applicable guidelines established by the United States Trustee.

7. No work performed by Windels Marx shall be unnecessarily duplicative of work performed by any other counsel retained by the Debtor in the Chapter 11 Case.

8. Notwithstanding any provision to the contrary in the Engagement Letter, this Court shall have exclusive jurisdiction over any issue relating to the fees payable to Windels Marx or the performance by Windels Marx, and such issues shall not be subject to arbitration.

9. If there is any inconsistency between the terms of this Order, the Application, the Engagement Letter, and the Sullivan Affidavit, the terms of this Order shall govern.

10. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
      April 29, 2022

                                              s/Michael E. Wiles
                                        UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION: UNITED STATES TRUSTEE

By:   /s Mark Bruh
       Mark Bruh, Trial Attorney