UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                                    Chapter 7

BUYK CORP.,                                                                    Case No. 22-10328 (MEW)

                Debtor.
------------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 361, 363, 503(B), 507, AND 721 AND RULE 3009 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (I) AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS AND PAY CERTAIN OPERATING EXPENSES OF THE ESTATE; (II) APPROVING A CARVE-OUT TO THE TRUSTEE'S PROFESSIONALS FROM THE COLLATERAL OF THE DEBTOR'S SENIOR LENDER; (III) GRANTING LEGALIST REPLACEMENT LIENS AND A SUPERPRIORITY ADMINISTRATIVE CLAIM AGAINST THE ESTATE; (IV) AUTHORIZING THE TRUSTEE TO PAY AN INTERIM DISTRIBUTION TO LEGALIST; (V) ENTERING THE PROPOSED BRIDGE ORDER AUTHORIZING THE TRUSTEE TO CONTINUE TO OPERATE WHILE MOTION IS PENDING AND (V) GRANTING RELATED RELIEF**

Upon the motion ("Motion") [dkt. no. 577] [1] of Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee ("Trustee") of the estate ("Estate") of Buyk Corp. ("Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeks the entry of an Order, pursuant to sections 105(a), 361, 363, 503(b), 507, and 721 of Title 11 of the United States Code ("Bankruptcy Code") and Rule 3009 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) authorizing the Trustee to operate, on a limited basis, the Debtor's business and pay certain operating expenses from funds in the Estate to wind down the Debtor's operations, on an interim basis, from May 29, 2023 through and including August 28, 2023, without prejudice to seek further extensions of such authority; (ii) approving an increase of the carve-out to the Trustee's professional from the collateral of the Debtor's senior lender, Legalist DIP GP, LLC, as general partner of Legalist DIP Fund I, LP and Legalist DIP SPV II, LP (collectively, "Legalist"), (iii) granting Legalist

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the Motion.

replacement liens and a superpriority administrative claim under Bankruptcy Code sections 361, 363, 503(b), 507(a)(2) and 507(b) as adequate protection; (iv) authorizing the Trustee to pay an interim distribution of $675,000 to Legalist on account of its Senior Lien (defined herein) pursuant to Bankruptcy Rule 3009 and Bankruptcy Code section 363; (v) entering the Bridge Order authorizing the Trustee to continue to operate while the Motion is pending from May 29, 2023 through the date of the Hearing, which is currently scheduled for **June 15, 2023 at 10:00 a.m**.; and (vi) related relief; and upon the affidavit of service of the Motion [dkt. no. 579]; and upon the Bridge Order having been entered on June 1, 2023 [dkt no. 578]; and upon teleconference Hearing having been held before the Court on **June 15, 2023 at 10:00 a.m.**, the record of which is incorporated herein by reference; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and after hearing from counsel for such parties that appeared at the Hearing; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion and the Hearing having been given; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Estate, its creditors and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED,** that the Motion is granted on the terms set forth herein; and, it is further

**ORDERED**, that the Trustee is authorized to operate the Debtor's business for an interim period, from May 29, 2023 through and including August 28, 2023, without prejudice to seek further extensions of such authority; and, it is further

**ORDERED**, that the carve-out for fees and expenses of the Trustee's professionals approved in this third Order is increased from $350,000 to the aggregate amount of $425,000 ("Estate Carve-Out"), but such fees and expenses are subject to further and proper application and notice; and, it is further

**ORDERED**, that $350,000 of the Estate Carve-Out is reserved for the Trustee's counsel, with $75,000 of the Estate Carve-Out reserved for the Trustee's accountants; and, it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3009 and Bankruptcy Code sections 361 and 363, the Trustee is authorized and directed to make an interim distribution to Legalist in the sum of $675,000 on account of its secured claims; and, it is further

**ORDERED**, that in connection with the wind down and liquidation of the Debtor's business the Trustee is authorized to use cash collateral in which Legalist has an interest to pay such expenses that Legalist may hereafter approve in writing, and the Trustee may make such payments after receiving prior written approval from Legalist (provided, however, that the Trustee may pay certain expenses, which the Trustee deems necessary in his business judgment, in an aggregate amount not to exceed $5,000, without the prior written consent of Legalist); and, it is further

**ORDERED**, that pursuant to Bankruptcy Code sections 361, 362, 363(c)(2), 363(3), 503(b) and 507 in exchange for Legalist's consent to use cash collateral as provided herein, and as adequate protection of its interests, and in the amount of (i) all cash collateral used by the Trustee during this chapter 7 case ("Chapter 7 Case"), plus (ii) the Estate Carve-Out *plus* amount of the Trustee's Commissions (as defined below), plus (iii) the amount by which any of Legalist's collateral diminishes in value from and after October 31, 2022:

a) Legalist is hereby granted, pursuant to sections 361(2) and 363(c)(2) of the Bankruptcy Code, additional and replacement valid, binding, enforceable, non-avoidable, and automatically perfected postpetition security interests in and to liens ("Adequate Protection Liens"), without the necessity of the execution by the Trustee (or recordation or other filing) of security agreements, control agreements, pledge agreements, financing statements, mortgages, or other similar documents, on all the "Adequate Protection Collateral"[2]. Subject to the terms of this Order, the Adequate Protection Liens shall be subordinate only to the (A) the Estate Carve-Out in the aggregate sum of $425,000 and the Trustee's statutory commissions ("Trustee's Commissions") and (B) valid, perfected, unavoidable and enforceable liens, if any, existing as of the Petition Date that are senior in priority to the liens of Legalist pursuant to applicable law. Other than as specifically set forth above, the Adequate Protection Liens shall be senior to all other security interests in, liens on, or claims against any of the Adequate Protection Collateral. The Adequate Protection Liens shall not besubject or junior to: (i) any lien or security interest that is avoided and preserved for the benefit of the Debtor's Estate under section 551 of the Bankruptcy Code, or (ii) any lien or security interest arising on or after the Petition Date or subordinated to or made *pari passu* with any other lien, claim or interest under sections 363 or 364 of the Bankruptcy Code or otherwise; and

b) Legalist is hereby granted an allowed superpriority administrative expense claim against the Debtor and its Estate ahead of, and senior to, any and all other administrative expense claims and all other claims asserted against the Debtor ("Adequate Protection Superpriority Claim") other than the Estate Carve-Out and the Trustee's Commissions. Other than the Carve-Out and the Trustee's Commissions (which shall have priority over the Adequate Protection Superpriority Claim), the Adequate Protection Superpriority Claim will not be junior to any claims and shall have priority over all administrative expense claims and all other claims asserted against the Debtor, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expense claims of the kinds specified in or ordered pursuant to Bankruptcy Code sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(d), 726, 1113 and 1114; and

c) Legalist is hereby authorized, but not required, to file or record any documents in order to validate and perfect the liens and security interests granted hereunder.

**ORDERED**, that, pursuant to Bankruptcy Code section 704 (a)(8), the Trustee shall prepare and file monthly operating business reports on the appropriate form issued by the U.S. Trustee; and, it is further

---

[2] The term "Adequate Protection Collateral" as used herein shall have the meaning given to such term in the Final Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 503 and 507 (i) Authorizing The Debtor To Use Cash Collateral, (ii) Granting Adequate Protection To The Secured Party, (iii) Scheduling A Final Hearing And (iv) Granting Related Relief, [dkt. no. 151] ("Chapter 11 Final Cash Collateral Order").

4

**ORDERED**, that any reversal, modification, vacatur, or stay of any or all of the provisions of this Order shall not affect the validity or enforceability of any Adequate Protection Lien, the Adequate Protection Superpriority Claim, or other any claim, lien, security interest, or priority authorized or created hereby with respect to any Adequate Protection Lien, incurred prior to the effective date of such reversal, modification, vacatur, or stay. Notwithstanding any reversal, modification, vacatur, or stay (a) this Order shall govern, in all respects, any use of cash collateral or Adequate Protection Lien or Adequate Protection Superpriority Claim incurred by the Trustee or the Debtor's Estate prior to the effective date of such reversal, modification, vacatur, or stay, and (b) Legalist shall be entitled to all the benefits and protections granted by this Order with respect to any such use of cash collateral (including payment of any adequate protection fees) or such Adequate Protection Lien or Adequate Protection Superpriority Claim incurred by the Trustee or the Debtor's Estate; and, it is further

**ORDERED**, that notwithstanding any other provision in this Order to the contrary, the entry of this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair any of the rights of Legalist to seek any other or supplemental relief of any kind whatsoever; and, it is further

**ORDERED**, that the failure or delay of Legalist to seek relief or otherwise exercise any of its rights and remedies under this Order, the Secured Credit Documents (as defined in the Chapter 11 Final Cash Collateral Order), or applicable law, as the case may be, shall not constitute a waiver of any rights hereunder, thereunder, or otherwise, by Legalist; and, it is further

**ORDERED**, that nothing herein shall impair or modify the application of Bankruptcy Code section 507(b) in the event that the adequate protection provided to Legalist hereunder

5

becomes insufficient to compensate for any diminution in value of its interests in its collateral during the Chapter 7 Case; and, it is further

**ORDERED**, that notwithstanding any order dismissing or converting the Chapter 7 Case at any time, the Adequate Protection Superpriority Claim, the other administrative claims granted pursuant to this Order and the Adequate Protection Liens shall continue in full force and effect and shall maintain their priorities as provided in this Order until all adequate protection obligations shall have been paid and satisfied in full in cash; and, it is further

**ORDERED**, that the Adequate Protection Liens, the Adequate Protection Superpriority Claim and all other rights and remedies of Legalist granted by the provisions of this Order shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order dismissing the Chapter 7 Case, or by any other act or omission, or (ii) the entry of an order approving the sale of any of Legalist's collateral pursuant to Bankruptcy Code section 363(b). The terms and provisions of this Order shall continue in this Chapter 7 Case, or in any superseding case under the Bankruptcy Code. The Adequate Protection Liens, the Adequate Protection Superpriority Claims and all other rights and remedies of Legalist granted by the provisions of this Order shall continue in full force and effect until all adequate protection obligations are indefeasibly paid in full, in cash; and, it is further

**ORDERED**, that the Trustee is authorized and empowered to expend such funds (permitted under the terms of this Order) and execute and deliver any and all documents as are reasonably necessary to implement the terms of this Order; and, it is further

**ORDERED**, that Legalist shall continue to have all of its "Adequate Protection Liens" and "Adequate Protection Superpriority Claim" (each as defined in the Chapter 11 Final Cash Collateral Order); and, it is further

**ORDERED**, that the carveout provided herein, for the Estate Carve-Out and the Trustee's Commissions, shall supersede and replace the carveout for any fees and expenses of the Trustee and his professionals provided in the Chapter 11 Final Cash Collateral Order and the Second Order; and, it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: June 15, 2023
      New York, New York

**s/Michael E. Wiles**
Honorable Michael E. Wiles
United States Bankruptcy Judge
