**LaMonica Herbst & Maniscalco, LLP**  **Hearing Date: June 18, 2024 at 10:00 a.m.**
*Counsel to Salvatore LaMonica, Chapter 7 Trustee*  **Objections Due: June 11, 2024 by 5:00 p.m.**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500
Jacqulyn S. Loftin, Esq.
Cristina M. Lipan, Esq

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                             Chapter 7

BUYK CORP.,                                        Case No. 22-10328 (MEW)

               Debtor.
-----------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF CHAPTER 7 TRUSTEE SEEKING APPROVAL, PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, OF STIPULATION AND ORDER BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND BALDOR SPECIALTY FOODS INC., AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on **June 18, 2024 at 10:00 a.m.**, a telephonic hearing ("Hearing") shall be held at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 ("Court") before the Honorable Michael E. Wiles, United States Bankruptcy Judge, on the motion ("Motion")[1] of Salvatore LaMonica, Esq., solely in his capacity as Chapter 7 Trustee of the Buyk Corp. ("Debtor") Estate, by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking approval, pursuant to Bankruptcy Rule 9019, of the Stipulation and Order by and between the Trustee, on behalf of the Debtor's Estate, and Baldor Specialty Foods Inc., substantially in the form annexed to the Motion as **Exhibit "A"**, and granting such other and further relief as is just and proper.

**PLEASE TAKE FURTHER NOTICE,** that parties wishing to participate telephonically at the Hearing must register with Court Solutions on or before 12:00 p.m. the day prior to the

---

[1] Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Motion.

Hearing. Information on how to register with Court Solutions can be found at www.court-solutions.com. Further information about attending the Hearing is available on the Court's webpage at: https://www.nysb.uscourts.gov/content/judge-michael-e-wiles.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing, conform with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Court **no later than June 11, 2024 by 5:00 p.m.** ("Objection Deadline") as follows: (i) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope to the Clerk of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

**PLEASE TAKE FURTHER NOTICE** that in the event no objections are received by the Objection Deadline, the Court may so-order the proposed Stipulation.

Dated:  May 14, 2024     **LaMONICA HERBST & MANISCALCO, LLP**
        Wantagh, New York     Counsel to Salvatore LaMonica, as Chapter 7 Trustee

By:  *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
Cristina M. Lipan Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
jsl@lhmlawfirm.com
cl@lhmlawfirm.com

2

**LAMONICA HERBST & MANISCALCO, LLP**　　　　　　　　　　Hearing Date: June 18, 2024 at 10:00 a.m.
*Counsel to Salvatore LaMonica, Chapter 7 Trustee*　　　Objections Due: June 11, 2024 by 5:00 p.m.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500
Jacqulyn S. Loftin, Esq.
Cristina M. Lipan, Esq

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:　　　　　　　　　　　　　　　　　　　　　　Chapter 7

BUYK CORP.,　　　　　　　　　　　　　　　　　　Case No. 22-10328 (MEW)

　　　　　　　　　Debtor.
-----------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE SEEKING APPROVAL, PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, OF STIPULATION AND ORDER BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND BALDOR SPECIALTY FOODS INC., AND GRANTING RELATED RELIEF**

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE

　　Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee ("Trustee") of the Buyk Corp. ("Debtor") estate ("Estate"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion ("Motion")[1] seeking approval, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), of the Stipulation and Order ("Stipulation") by and between the Trustee, on behalf of the Debtor's Estate and Baldor Specialty Foods Inc. ("Vendor," and together with the Trustee, "Parties"), substantially in the form annexed as **Exhibit "A"**, and granting such other and further relief as is just and proper, and respectfully states as follows:

**JURISDICTION AND VENUE**

　　1.　　This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

---
[1] Capitalized terms not otherwise defined herein shall have respective definitions ascribed to them in the Stipulation.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Bankruptcy Rule 9019(a).

## BACKGROUND

4. On March 17, 2022 ("Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Court").

5. By Order entered on October 31, 2022, the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code. See Dkt. No. 491.

6. By Notice of Appointment dated November 1, 2022, the United States Trustee appointed Salvatore LaMonica as the interim Chapter 7 Trustee of the Estate, and has since duly qualified and is the permanent Trustee administering the Estate. See Dkt. No. 492.

7. On December 22, 2022, the Court established the deadline for filing proofs of claim as March 27, 2023. See Dkt. No. 523.

8. On April 6, 2022, Vendor filed a proof of claim in the Estate, designated as claim no. 13, for a general unsecured claim in the amount of $90,370.31 ("Vendor Claim").

9. The Debtor's books and records reflect that, during the 90 days prior to the Filing Date, the Debtor made payments to Vendor in the aggregate amount of $530,880.57, which may be property of the Estate and avoidable under Bankruptcy Code sections 541, 542, 547 and 550 ("Transfers").

10. After sending demand letters to Vendor requesting additional information about the Transfers, the Parties engaged in informal discovery and exchanged information regarding the Transfers and potential affirmative defenses asserted by Vendor.

11. Vendor asserted that to the extent the Transfers paid goods covered under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, et seq. ("PACA"), those transfers are not property of the Estate, and provided documentation in support. Specifically, Vendor asserted that a total of $492,737.28 of the Transfers paid PACA goods, which funds were held in trust and were not property of the Estate, which greatly reduced Vendor's exposure.

12. Therefore, the only exposure that remained from the Transfers was $38,190.41. Moreover, the Vendor asserted that from the remaining exposure, the Transfers (1) were made in the ordinary course of business, and (2) Vendor gave new value to the Debtor after the Transfers were made.

13. The Parties engaged in arm's-length negotiations and without admitting liability of any kind, resolved any claims the Estate may have against Vendor regarding the Transfers on the terms and subject to the conditions set forth in the Stipulation. The salient terms of the Stipulation are set forth herein, however, all parties are directed to the Stipulation annexed as **Exhibit "A"** for its full terms and conditions.

A. **Terms of the Stipulation of Settlement**

14. Under the terms of the proposed Stipulation, Vendor agreed to pay to the Trustee, on behalf of the Estate, the settlement sum in the amount of $27,000 ("Settlement Sum") in full and final satisfaction of the Transfers, upon execution of the Stipulation.[2] Upon receipt, the Trustee will hold the Settlement Sum in a segregated subaccount in the estate subject to Court approval. Upon the Court so-ordering the Stipulation, the Settlement Sum will become property of the Estate pursuant to Bankruptcy Code Section 541.

---

[2] As of the date of this Motion, the Trustee has been advised that the Settlement Sum is being processed.

3

15. Further, the Stipulation provides for certain mutual releases between the Parties of claims and causes of action that each may hold, including, but not limited to, the Vendor Claim and any claim Vendor may assert pursuant to Bankruptcy Code section 502(h).

16. Lastly, in the event the Court denies approval of the Stipulation, all unexpired statutes of limitations applicable to claims and causes of action that the Estate may have against Vendor are tolled for a period of 30 days from the date on which the Court denies approval of the Stipulation.

## RELIEF REQUESTED AND BASIS THEREFOR

17. By this Motion, the Trustee seeks approval of the Stipulation as being fair, equitable and in the best interests of the Estate. For the reasons set forth more fully herein, the Trustee believes that this settlement falls well above the lowest level of reasonableness and respectfully requests that the Court to approve the Stipulation.

18. Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. See In re Dewey & Leboeuf L.L.P., 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

19. Under Bankruptcy Rule 9019, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(A). A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. See In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. S'holders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968)). See also Topwater Exclusive Fund III, L.L.C. v. SageCrest II, L.L.C. (In re Sagecrest II), Nos. 3:10cv978 (SRU), 3:10cv979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011); Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 WL 5298172, at *3

4

(S.D.N.Y. Dec. 22, 2010); In re Chemtura Corp., 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010); In re Lehman Bros. Holdings, Inc., 435 B.R. 122, 134 (S.D.N.Y. 2010).

20.   A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Chemtura, 439 B.R. at 594 (quoting In re W.T. Grant, Co., 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Rather, the court may rely upon the opinions of the trustee, the parties and their attorneys to evaluate the settlement and to make an independent judgment. See In re Adelphia Commc'ns. Corp., 368 B.R. 140, 225-26 (Bankr. S.D.N.Y. 2007).

21.   The Court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting TMT Trailer Ferry, 390 U.S. at 424) (internal quotations omitted). The United States Court of Appeals for the Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in Motorola, Inc. v. Off. Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining."

Id. (internal citations omitted). The burden is on the settlement proponent to persuade the court

5

that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011). In this regard, the granting of releases in connection with a settlement of claims is left to the trustee's business judgment. See, e.g., Morley v. Ontos, Inc. (In re Ontos, Inc.), 478 F.3d 427, 433 (1st Cir. 2007) (affirming decision approving stipulation containing release of claims by trustee in connection with settlement of claims); Krohn v. Lawlor, 2007 U.S. Dist. LEXIS 66763, 2007 WL 2687663 (E.D.N.Y. Sept. 10, 2007) (approving settlement agreement in which the trustee granted releases).

22.     Here, the Trustee determined in his business judgment that the proposed settlement embodied in the Stipulation is fair and reasonable within the governing standards. In assessing the settlement, the Court should consider (as the Trustee has) the following: (a) the affirmative defenses asserted, as outlined above; (b) the likely probability that the prosecution of the Estate's claims would be protracted, contested, and require discovery which would, inter alia, result in increased administrative fees and expenses; (c) the fact that litigation is necessarily unpredictable and that there is no guaranty of success; (d) the mutuality of the releases and the fact that the settlement would likely not be possible absent such releases; and (e) the settlement embodied in the Stipulation was the result of arm's-length negotiations between the parties. Most significantly, a substantial portion of the Transfers were determined to have paid PACA goods, which are held in trust and are not property of the Estate.

23.     Ultimately, the benefits embodied in the Stipulation outweigh the potential benefits of protracted litigation, the outcome of which is necessarily uncertain. The proposed settlement brings a tangible benefit to the Estate, eliminates a potentially negative result, avoids the incurrence of additional fees, costs and expenses, and results in closure. As a result of all the above, the Trustee exercised his best business judgment in entering into the Stipulation.

6

4. For the reasons set forth herein, the Trustee submits that the Stipulation is fair, reasonable and in the best interests of the Estate, and the Trustee recommends its approval.

## NOTICE AND NO PRIOR REQUEST

5. In accordance with Bankruptcy Rule 2002, the Trustee intends to serve a copy of this Motion, with its accompanying exhibits and a notice of hearing, by e-mail or first-class mail upon: (a) Vendor, through counsel; (b) the Debtor, through counsel; (c) the United States Trustee; (d) all parties that filed Notices of Appearances in the case; (e) all known creditors, and (f) all applicable taxing authorities and governmental units.

6. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court so-Order the proposed Stipulation pursuant to Bankruptcy Rule 9019, and grant such other and further relief as the Court seems just and proper.

Dated: May 14, 2024　　　　　　　　　　**LaMONICA HERBST & MANISCALCO, LLP**
　　　　　Wantagh, New York　　　　　　Counsel to Salvatore LaMonica, as Chapter 7 Trustee

　　　　　　　　　　　　　　By:　*s/ Jacqulyn S. Loftin*
　　　　　　　　　　　　　　　　　Jacqulyn S. Loftin, Esq.
　　　　　　　　　　　　　　　　　Cristina M. Lipan Esq.
　　　　　　　　　　　　　　　　　3305 Jerusalem Avenue, Suite 201
　　　　　　　　　　　　　　　　　Wantagh, New York 11793
　　　　　　　　　　　　　　　　　Telephone: (516) 826-6500
　　　　　　　　　　　　　　　　　jsl@lhmlawfirm.com
　　　　　　　　　　　　　　　　　cl@lhmlawfirm.com